IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., OCWEN LOAN SERVICING, LLC, RESIDENTIAL CREDIT SOLUTIONS, INC.,<br><br>    Defendants. | Case No. 1:15-cv-11140<br><br>Hon. Matthew F. Kennelly |

## AMENDED DECLARATION OF ADAM W. WIERS

I, Adam W. Wiers, declare and state as follows:

1. I am a partner at the law firm of Jones Day and one of the attorneys representing Experian Information Solutions, Inc. in the above captioned case.

2. On September 16, 2016, I took the deposition of Plaintiff Kenneth Jackson at Jones Day's offices at 77 West Wacker Drive, Chicago, IL. Plaintiff was defended by his attorney Dan McGarry of Sulaiman Law Group.

3. During the deposition, Plaintiff admitted that portions of paragraph 43 of the Complaint which alleged that he had suffered credit denials and mental anguish flowing from those credit denials were inaccurate. Immediately following the admission, Mr. McGarry demanded a break, claiming that he needed to use the facilities.

4. After going off the record. Mr. McGarry asked Plaintiff if he too needed to use the facilities. Plaintiff indicated that he was fine and did not need a break. After a few moments of awkward silence, I asked Mr. McGarry if he actually needed to use the facilities, or whether the request for a break was just a ruse to get off the record. Mr. McGarry then stood up and proceeded to reprimand me in front of his client about the line of questioning regarding the

admittedly false damage allegation. Mr. McGarry stated that it was inappropriate to question the witness about "boilerplate" allegations and demanded that I stop with that line of questioning. He claimed it was "harassing" to question a witness about a "technicality."

5. This case is one of over 33 cases the Sulaiman Law Group has filed against Experian in the past year. Nearly all of those cases include the same or very similar boilerplate allegations about credit denials and supposed mental anguish. Three include the exact same language as paragraph 43:

| CASE NAME | JUDGE | ¶ | DAMAGE ALLEGATION |
|---|---|---|---|
| Van Cam v. CitiMortgage et al (1:15-cv-08181) | Lefkow | 94 | As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein including specifically, the loss of credit; the loss of the ability to purchase and benefit from a line of credit; the loss of time and other frustration and aggravation associated with writing dispute letters; time and money expended meeting with [his] attorneys; tracking the status of his dispute; monitoring [his] credit file; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials. |
| D. Schlotfeldt v. Wells Fargo Home Mortgage et al (1:15-cv-06656) | Gettleman | 61 | |
| V. Schlotfeldt v. Wells Fargo Home Mortgage et al (1:16-cv-06659) | Gettleman | 57 | |

Another four include the exact same allegations, but arranged in a different order or with additional damages alleged:

| CASE NAME | JUDGE | ¶ | DAMAGE ALLEGATION |
|---|---|---|---|
| Zorba v. Bayview et al (1:15-cv-08663) | Leinenweiber | 57 | As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line credit, the loss of time and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with her attorneys, tracking the status of her dispute, and monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of employment and credit denials. |
| Zorba v. Wells Fargo et al (1:15-cv-08387) | Shadur | 62 | |
| Geuss v. Wells Fargo et al (1:15-cv-08555) | Zagel | 49 | As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line credit, the loss of time and other frustration and aggravation associated with writing dispute letters, tracking the status of his disputes, monitoring his credit file, time and money expended meeting with his attorneys, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials. |

| CASE NAME | JUDGE | ¶ | DAMAGE ALLEGATION |
|---|---|---|---|
| *Kaczor v. Experian* (1:15-cv-05545) | Ellis | 41 | As a result of Defendants' conduct, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line credit, the loss of time and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, and monitoring his credit file, and the mental and emotional pain and suffering, anguish, humiliation, and embarrassment of credit denial. |

Another twelve include the same, virtually identical paragraph:

| CASE NAME | JUDGE | ¶ | DAMAGE ALLEGATION |
|---|---|---|---|
| *Freedom v. Experian et al* (1:15-cv-10135) | Castillo | 205 | As a result of the conduct, actions, and inaction of Experian, [Plaintiff has] suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of [his] disputes, monitoring [his] credit file, and the mental and emotional pain and suffering, anguish, humiliation, and embarrassment of constant credit denials. |
| *Aranda v. First Midwest et al* (1:16-cv-06116) | Lee | 197 | |
| *Hupfauer v. Citibank et al* (1:16-cv-00476) | Castillo | 116 | |
| *Grant v. CitiMortgage et al* (1:15-cv-10427) | Pallmeyer | 121 | |
| *Jackson v. Experian et al* (1:15-cv-09627) | Blakey | 164 | |
| *Morgan v. Equifax et al* (1:15-cv-10640) | Alonso | 130 | |
| *Pappas v. US Bank et al* (1:15-cv-08115) | St. Eve | 82 (A) | |
| *Price v. Ocwen et al* (1:15-cv-07593) | Durkin | 106 | |
| *Radney v. Bayview et al* (1:15-cv-09380) | Darrah | 164 | |
| *Smuk v. Bank of America et al.* (1:15-cv-06242) | Gettleman | 182 | |
| *Osuna v. Seterus et al.* (1:15-cv-10231) | Ellis | 136 | |
| *Webb v. Bank of America* (1:15-cv-10355) | Leinenweber | 147 | |

And ten others include language that is extremely similar:

| CASE NAME | JUDGE | ¶ | DAMAGE ALLEGATION |
|---|---|---|---|
| *Zorba v. World's Foremost et al* (1:15-cv-08665) | Alonso | 45 | As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line credit, the loss of time and other frustration and aggravation associated with dealing with and trying to correct false information in her credit file, time and money associated with the dispute process, monitoring her credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of employment and credit denials. |
| *Gagnon v. JPMorgan Chase et al* (1:15-cv- | Dow | 168 | As result of the conduct actions and inaction of Experian Gagnon has suffered various types of damages as set forth herein |

| CASE NAME | JUDGE | ¶ | DAMAGE ALLEGATION |
|---|---|---|---|
| 09526) | | | including specifically the loss of credit the loss of ability to purchase and benefit from credit line certified mail expenses and other frustration and aggravation associated with writing dispute letters time and money expended meeting with his attorneys tracking the status of his disputes monitoring his credit file and the mental and emotional pain and suffering anguish humiliation and embarrassment of credit denial. |
| *Asufrin v. Roundpoint et al* (1:15-cv-09077) | Aspen | 92 | As a result of the conduct, actions, and inaction of Experian, [Plaintiff has] suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letter, time and money expended meeting with [her] attorneys, tracking the status of her dispute, monitoring [her] credit file, and mental and emotional pain and suffering. |
| *Alheim v. Experian et al* (1:16-cv-05728) | Shah | 108 | |
| *Halblieb v Selene Finance et al* (1:15-cv-11141) | Tharp | 77 | As a result of the conduct, actions, and inaction of Experian, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit ability, certified mail expenses, other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and mental and emotional pain and suffering. |
| *Czerniak v. Citibank et al* (1:15-cv-11294) | Wood | 64 | As a result of the conduct, actions, and inaction of Defendants, Plaintiffs have suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line credit, the loss of time and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with their attorneys, tracking the status of their disputes, and monitoring their credit file, and the mental and emotional pain, anguish, and humiliation. |
| *Banno v. Ocwen et al* (1:15-cv-08291) | Lee | 113 | As a result of the conduct, actions, and inaction of Experian, Plaintiff has suffered various types of damages as set forth herein, including specifically, physical illness and injury, medical bills, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering. |
| *A Handrock v. Ocwen* (1:16-cv-05732) | Leinenweber | 49 | As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, loss of credit, increase in the price of credit, out-of-pocket expenses associated with writing dispute letters, sending certified mail, time meeting with [his] attorneys and monitoring [his] credit file, as well as mental and emotional pain and suffering. |
| *CM Handrock v. Ocwen* (1:16-cv-05733) | Leinenweber | 47 | |
| *Twomey v Ocwen* (1:16-cv-00918) | Lee | 63 | As a result of Defendants' conduct, actions, and inactions, James has suffered an innumerable amount of damages as set forth herein, including specifically a significant impact on his credit worthiness, his credit ability, out-of-pocket expenses, the loss of credit capacity, the loss of ability to purchase and benefit from a |

| CASE NAME | JUDGE | ¶ | DAMAGE ALLEGATION |
|---|---|---|---|
| | | | credit line, certified mail expenses, anxiety, and further frustration and aggravation associated with writing dispute letters, time and money expended meeting with attorneys, tracking the status of disputes, monitoring his credit file, and mental and emotional pain and suffering. |

6. In September 2016, Experian filed its first two motions for summary judgment in these cases. In these motions, Experian argues, among other things, that the cases should be summarily dismissed for a failure to demonstrate actual damage. Attached as Exhibits A and B to this Declaration are Experian's briefs in support filed in both of those cases.

7. On September 22, 2016, Experian served Plaintiff with a copy of its Motion for Rule 11 Sanctions. On October 12, 2016, Plaintiff's counsel acknowledged receipt of the Motion and asked whether the problem would be remedied if they simply stipulated that Plaintiff's credit denials were received after filing the Complaint. We responded by indicating that no such stipulation was necessary, as we already have deposition testimony to the effect, and the only acceptable cure would be dismissal of the Complaint. Plaintiff's counsel indicated that they may move to amend the Complaint, something Experian indicated it would oppose.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 14, 2016.

Adam W. Wiers

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

                                                  */s/ Jason Z. Zhou*