UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., OCWEN LOAN SERVICING, LLC, and RESIDENTIAL CREDIT SOLUTIONS, INC.,<br><br>    Defendants. | Case No. 15-cv-11140<br><br>Judge Matthew F. Kennelly |

**PLAINTIFF'S RESPONSE TO EXPERIAN'S RULE 11
MOTION FOR SANCTIONS**

NOW COMES the Plaintiff, KENNETH JACKSON, by and through his attorneys, SULAIMAIN LAW GROUP, LTD. ("SLG"), and for his Response to Experian's Rule 11 Motion for Sanctions, states as follows:

**I.    Introduction**

Experian's sanctions motion epitomizes the "if you can't beat them, sue them" strategy. Faced with a pending claim aimed at Experian's broad-based policy failures, Experian targets the counsel for Plaintiff rather the considering the merit-based reasons its motion to dismiss would have failed. Here, in a motion, ironically, replete with misstatements of the law, Experian's conspiracy theories reach a fever pitch. Seeing nefarious behavior at every turn, Experian attempts to bring in distinct allegations in separate, unresolved suits. The facts of those cases are not before this Court, and, as this Court has bluntly proclaimed, none of those cases have any relevance here. Counsel made

1

a mistake as to the nature of the damages, but that mistake did not affect the existence of either actual or statutory damages.[1] To determine this case on a motion for sanctions would be to rob the trier of fact of access to the full substance of the case. Accordingly, Experian's motion should be denied.

**II.  Legal Standards**

The Seventh Circuit has recognized the reality that "[i]nadvertent factual errors will occur." *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 451 (7th Cir. 1993). Rule 11 is not aimed at such "isolated factual errors that do not undermine a party's legal theory" but rather at to "deter[ring] baseless filings in district court." *Id.* This Court has similarly held that "Rule 11 is meant to punish frivolity, not mistakes." *Tanner v. Nelson Tree Serv.,* No. 99 C 6154, 2001 U.S. Dist. LEXIS 10943, at *11 (N.D. Ill. Aug. 1, 2001). In addition, even if the Plaintiff does not ultimately prevail on the merits of the claim, it does not follow that sanctions are appropriate. *Beverly Gravel, Inc. v. DiDomenico*, 908 F.2d 223, 227 (7th Cir. 1990).

---

[1] Experian's motion is based on strategy rather than merit. Experian has been calculating in its approach to this motion by paying to expedite the transcripts of the September 16, 2016 Jackson deposition. On the other hand, the undersigned Plaintiff's counsel did not receive the deposition transcripts until the day before the Rule 11 safe harbor provision expired on October 13, 2016, and well after co-counsel, Mr. McGarry, completed his remaining assignments for the Sulaiman Law Group – one of which was to defend the Plaintiff at his deposition. Thus the undersigned had *no* time to review the transcripts of the Jackson deposition prior to the expiration of the safe harbor provision. Regardless, the undersigned counsel offered to stipulate to the mistake in asserting credit denials –- in effect withdrawing those claims. But that wasn't good enough for Experian. As demonstrated in this response, no prejudice flowed from the mistake. Rather than accept the stipulations and avoid the use of the Court's resources, however, Experian wields them as a sword, alleging, perversely, misuse of the Court's resources. Experian should have no quarter for such duplicitous tactics.

### III. Argument

#### A. Counsel's Error Did Not Go to the Legal Theory of the Case

Though Counsel misstates the precise flavor of the damages at issue here, its error does not affect the ultimate legal theory in the case. Plaintiff provides evidence of actual damages, and even if he does not, would be entitled to statutory damages, an element ignored entitlement by Experian in its Motion. Because the existence of credit denials has no bearing, therefore, on the existence of a colorable claim under the FCRA, this case is not the sort of frivolous action Rule 11 intended to deter.

##### 1. Plaintiff Provided Evidence of Actual Damages

Even discounting the credit denials that post-dated the filing of the Complaint, Plaintiff provided ample evidence in his deposition of the emotional distress he suffered as a result of Experian's inaccurate reporting. Specifically, Plaintiff discussed the frustration he experienced at his inability to fully realize the effect of his bankruptcy discharge: "I thought with that that I was done and that the reporting agencies were going to actually accurately update to reflect the December 2013 discharge." *See* Exhibit A, the Jackson Deposition transcript 127:21-24. Plaintiff, a psychologist, detailed the "irritability and agitation, short temper" that he experienced in addressing the credit inaccuracies that he had not encountered in the bankruptcy itself. *Id.* at 128:17, 129: 2-4.

The Supreme Court has described the fresh start as "a new opportunity in life, unhampered by the pressure and discouragement of pre-existing debt." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S. Ct. 695, 78 L. Ed. 1230 (1934). Experian's continued reporting of pre-bankruptcy obligations undercut Plaintiff's entitlement to a fresh start,

3

resulting in an extended process of creating a clear record to obtain credit. Counsel's error, therefore, was merely one of classification. Plaintiff did, in fact, suffer from emotional distress relating to Experian's reporting but did so in connection with frustration of the effect of the bankruptcy discharge rather than in connection with specific credit denials. However, to the extent the credit denials present an inaccurate view of Plaintiff's precise allegations, he seeks leave to amend paragraphs 43, 44, and 108 of the Complaint or otherwise withdraw certain portions of the allegations to reflect the more precise nature of his damages. Moreover, as the Seventh Circuit has recognized, [e]motional distress can, in certain circumstances, give rise to actual damages under the Act--*even where there has been no denial of credit. Wanz v. Experian Info. Solutions,* 386 F. 3d 829 *(Emphasis)*.

Next, the fact that the report may not have been disclosed to third parties has no bearing on Experian's potential liability. In this case, Plaintiff brought claims under 15 U.S.C. 1681i, which requires Experian to reinvestigate Plaintiff's "consumer file." 15 U.S.C. 1681i(a)(1)(A). "By its plain terms," a claim under Section 1681i "does not require communication to a third party" but instead depends solely on the interactions of the consumer and the CRA." *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015). *See also Rowe v. Unicare Life & Health Ins. Co.,* No. 09 C 2286, 2010 U.S. Dist. LEXIS 1576, at *10-11 (N.D. Ill. Jan. 5, 2010) (emotional distress from exposure of personal information cognizable even absent evidence of disclosure).

Neither facts nor law, therefore, support the notion that Plaintiff's actual damages, are "made up" and that he could not have withstood a motion to dismiss on that basis.

### 2. Plaintiff Suffered Statutory Damages

Experian's Memorandum erroneously states that "[t]o state a valid claim under the FCRA, a plaintiff must plead that he suffered actual damages resulting from a consumer reporting agency's failure to comply with the act." Mem. at 10. Experian ignores entirely 15 U.S.C. § 1681n's provision for statutory damages for willful violations of the FCRA. Indeed, such damages are *exclusive* of actual damages: "the statute unambiguously indicates that statutory damages can be awarded in lieu of, but not in addition to, actual damages." *In re Trans Union Corp. Privacy Litig.,* 211 F.R.D. 328, 342 (N.D. Ill. 2002). Here, Plaintiff will contend in his Motion for Summary Judgment that, as a matter of policy, Experian unilaterally and incompletely updates account tradelines without seeking input from furnishers and fails to provide proper notice of changes to furnishers of those changes. Because a policy-based violation is, by its nature, willful, even in the instance Plaintiff's actual damage allegations were mistaken, Plaintiff would still have an independent basis for proceeding on a claim under the FCRA.

## B. Counsel Acted in Good Faith

### 1. Additional Cases Have No Bearing on the Instant Action

Experian devoted significant effort and paper space to a discussion of SLG's other cases against it, as supposed indicators of a pattern of bad behavior. As this Court noted at the presentment date for the Motion, however, none of these cases are relevant here. The facts of this case, and this case alone are before this Court. Indeed, Experian's proffer of two undecided, unanswered summary judgment motions as evidence of its moral and factual superiority makes as much sense as offering an unidentified movie clip. The only thing that SLG's multiple suits against Experian shows is Experian's motive to obstruct

attorneys who have been successfully litigating against it for its continuing and reckless violations of the FCRA.

### C. Experian Raises Damages Questions, Not Sanctions Questions

The questions raised by Experian as to the damages in this case are those properly determined at trial rather than in a motion for sanctions. Indeed, Counsel's arguments in Section III. A of this Memorandum amount to a discussion more suitable for a merits briefing. "Sanction motions are inappropriate vehicles to resolve facts based on the merits of the litigation," but that is precisely what Experian, which declined to file a Motion to Dismiss and has yet to file its Motion for Summary Judgment, endeavors to do here. *Troost v. Kitchin (In re Kitchin),* 327 B.R. 337, 365 (Bankr. N.D. Ill. 2005). To the extent Experian doubts the substance of Plaintiff's case as to damages, it has ample opportunity to test it at summary judgment and in trial. While decrying SLG's supposed waste of Court resources, nonetheless presses its extraneous sanctions motion. This Motion has no place in this litigation and should, accordingly, be denied.

WHEREFORE, Plaintiff respectfully requests that this Court deny Experian's Motion for Rule 11 Sanctions, allow Plaintiff to amend his complaint or to withdraw certain allegations to the extent necessary, and for any other relief this Court deems just.

## **CERTIFICATE OF SERVICE**

I, Majdi Y. Hijazin, an attorney, certify that on October 28, 2016, I caused the foregoing **PLAINTIFF'S RESPONSE TO EXPERIAN'S RULE 11 MOTION FOR SANCTIONS** to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

/s/ Majdi Y. Hijazin
Majdi Y. Hijazin, *Of Counsel*
SULAIMAN LAW GROUP, LTD.
Attorney for Plaintiff
900 JORIE BOULEVARD, SUITE 150
OAK BROOK, ILLINOIS 60523
(630) 575-8181
mhijazin@hijazinlaw.com