**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KENNETH JACKSON,<br><br>          Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., OCWEN LOAN SERVICING, LLC,<br>RESIDENTIAL CREDIT SOLUTIONS, INC.,<br><br>        Defendants. | Case No. 1:15-cv-11140<br><br><br>Hon. Matthew F. Kennelly |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
REPLY IN SUPPORT OF ITS RULE 11 MOTION FOR SANCTIONS**

Plaintiff's Opposition effectively makes Experian's case for it. If this Court initially was hesitant to impose a sanction against Plaintiff or his counsel from Sulaiman Law Group ("SLG"), perhaps thinking that Plaintiff and SLG might provide a reasoned explanation for the demonstrably false material claims made in the Complaint, or perhaps thinking SLG might show some remorse or indicate that it would not happen again, there is no longer need for any such hesitation. Plaintiff and SLG utterly fail in both regards. SLG makes no attempt to defend their Rule 11 mandated pre-suit investigation, essentially conceding that there was a complete dereliction of duty. And the Opposition is devoid of accountability, with SLG pointing the finger at everyone (including, primarily, Experian) except themselves, revealing that SLG fundamentally does not appreciate the seriousness of the Rule 11 duties with which they are charged. Where Plaintiff and SLG's own papers make plain they accept no responsibility for the complete disregard of the pre-suit investigation obligations, a deterrent is needed.

## ARGUMENT

Plaintiff brought this action against Experian, a consumer reporting agency ("CRA"), alleging violations of the FCRA pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.  To prevail on a claim under § 1681e(b) (challenging whether a CRA maintained reasonable procedures to assure accuracy when issuing credit reports), Plaintiff bears the burden of showing each of the following elements: "(1) that there was inaccurate information in his consumer report, (2) that the inaccuracy was due to Experian's failure to follow reasonable procedures, *(3) that he suffered actual damages and (4) that those damages were caused by the inaccuracy*."  *Lamar v. Experian Info. Sys.*, 408 F. Supp. 2d 591, 595 (N.D. Ill. 2006) (emphasis added); *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).  Likewise, to prevail under § 1681i(a) (challenging the reasonableness of a CRA's reinvestigation of a dispute), Plaintiff bears the burden of proving that Experian's reinvestigation was unreasonable and that an inaccurate credit report was issued post-dispute, *which caused the Plaintiff to suffer damage*.  *See Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 608 (7th Cir. 2005) (affirming summary judgment under § 1681i(a) and holding that "[b]efore any discussion of the reasonableness of the reinvestigation is necessary," the plaintiff must show an inaccuracy in a credit report that caused him damage).

In order to meet the damage elements of the § 1681e(b) test and the *prima facie* prongs of the § 1681i test, and avoid a likely motion to dismiss, Plaintiff relied on falsehoods.  In particular, Plaintiff's Complaint alleges that Experian's inaccurate credit reporting caused him to suffer credit denials.  (Compl. at ¶¶ 43, 44) ("the inaccurate reporting of the Ocwen and RCS trade lines on the Experian report *was the cause of Plaintiff's denials of credit*").  That allegation was false, and Plaintiff and SLG make no attempt to deny it.  But that's not all.  The Complaint piles onto these nonexistent credit denials, claiming that they not only caused Plaintiff financial harm,

but that they also had a serious and grave effect on Plaintiff's emotional well-being, causing Plaintiff to suffer from "mental and emotional pain, anguish, humiliation, and embarrassment." (Compl. ¶¶ 43, 108.) Indeed, Paragraph 108 of the Complaint actually attributes this supposed anguish to "*constant* credit denials," when in reality there were *zero* credit denials when the Complaint was filed. Plaintiff's own deposition has shown that these allegations are outright lies. Yet, this hyperbolic claim illustrates precisely how little care SLG places on determining the truthfulness of claims of supposed "anguish" and "pain," in not only this case, but in the litany of cases identified in Experian's opening brief that include the exact same or nearly the exact same allegations.

SLG gives this all the back of their hand—chalking the whole issue up to a simple mistake in "classification." SLG even manages to somehow blame their failures on Experian, who SLG claims is imposing "moral . . . superiority" and engaging in "duplicitous tactics" by way of this Motion.[1] (Opp. at 5 and 2 n.1.) But Experian is not the one who imposes a duty of honesty and forthrightness to the Court, the Federal Rules do that.

### A. No Adequate Investigation.

Rule 11 explicitly requires that factual contentions made in a signed and filed complaint must "have evidentiary support." Fed. R. Civ. P. 11(b)(3). Courts in the Seventh Circuit have held that this requires counsel to perform some sort of adequate pre-suit investigation. In particular, Rule 11 requires "that an attorney conduct a reasonable, independent investigation

---

[1] The duplicity that SLG cites to is the fact that Experian filed this Motion before SLG was able to secure a copy of the deposition transcript, unwilling to pay for an expedited copy. This apparently made it difficult for SLG to respond to the Motion during the 21 day safe harbor, presumably because without reviewing his testimony SLG was unable to determine what actual damages Plaintiff could legitimately plead. Of course, had SLG conducted an adequate pre-suit investigation, it would already know what actual damages Plaintiff could plead, and there would be no need to review the transcript.

into the facts of a case before filing a complaint." *Jordan v. Brady*, No. 92 C 2229, 1993 WL 96127, at *2 (N.D. Ill. Apr. 1, 1993). Pre-suit investigation is a *requirement*; it is not optional or merely a suggestion. Experian's opening brief explained how Plaintiff's damage allegations, propping up both his claims, were demonstrably false and could not have been the result of an adequate investigation. Plaintiff's Opposition does not disagree. Indeed, Plaintiff and SLG make **no** attempt to defend the pre-suit investigation (or lack thereof). And though the Opposition includes a heading entitled "Counsel Acted in Good Faith," the words that appear under that heading strangely are not actually a defense of SLG's actions, but instead offer another attack on Experian, claiming that this Motion is an act of "moral and factual superiority" on Experian's part that is merely intended to "obstruct" Plaintiff. (Opp. at 5.)

By failing to even argue that an adequate pre-suit investigation was conducted, as required by Rule 11, Plaintiff and SLG have conceded the point. Rule 11 was indisputably violated.

### B. SLG's Excuses Do Not Help Them.

Rather than defending the adequacy of their investigation, SLG instead provides a list of excuses, none of which help them discharge their Rule 11 obligations.

*First*, SLG dismisses the false allegation in the Complaint as being merely an "inadvertent factual error;" just a "mistake" SLG assures us. (Opp. at 3.) But Plaintiff's allegation of credit denials is no excusable mistake. An excusable mistake would have been if the Complaint said that the credit denial was from First Chicago Bank, when it was really from Second Chicago Bank. Plaintiff's allegations were false, plain and simple, and was the inevitable result of SLG's complete abdication of their pre-suit investigation duty.[2] Of course,

---

[2] Unsurprisingly, the cases SLG cites in support of their innocent mistake defense involve actual innocent mistakes and not, like here, a complete failure to conduct a pre-suit investigation.

where counsel chooses to treat key allegations as "boilerplate" "technicalities" used over and over again in complaint after complaint, rather than conducting an adequate pre-suit investigation in each case, as required by Rule 11, the inevitable factual errors are not innocent mistakes, but rather the natural consequence of ignoring their duties. *See Tanner*, 2001 WL 1530581 at 3 ("For Rule 11 purposes a frivolous argument is simply one that is . . . made without a reasonable and competent inquiry." (internal quotations and citation omitted).

*Second,* SLG argues that Plaintiff has in fact been damaged, SLG simply got the "classification" of damage wrong in the Complaint. (Opp. at 3.) This is much ado about nothing, SLG argues, since they merely "misstate[d] the flavor of damages at issue." (Opp. at 3.) Apparently SLG believes the Court should overlook the failure to conduct the required pre-suit investigation and give SLG a free pass. In furtherance of this argument, SLG claims that Plaintiff has actually suffered emotional distress—it just was not anguish caused by mythical non-existent credit denials as alleged in the Complaint but instead was irritability caused by Plaintiff having to send Experian a dispute letter of the type envisioned by § 1681i. In support, SLG cites Plaintiff's deposition testimony that he felt "irritability" from "addressing the credit inaccuracies." (*Id.*) This argument further highlights that SLG misses the point of Rule 11. Where counsel ignores Rule 11, conducting no pre-suit investigation and instead inserting "boilerplate" allegations into the complaint, the "flavor" and "classification" of key allegations will often be wrong. That, in retrospect, SLG could have alleged other damages had it

---

*See Beverly Gavel, Inc. v. DiDomenico*, 908 F.2d 223, 225 (7th Cir. 1990) (denying Rule 11 sanctions where statements of fact made in the complaint were not made without a reasonable factual basis at the time they were made); *Milwaukee Concrete Studios, Ltd. V. Fjeld Mfg. Co.*, 8 F.3d 441, 450 (7th Cir. 1993) (finding that plaintiff's counsel had conducted an adequate pre-suit investigation, knew the relevant facts, correctly represented those facts in the Complaint, but simply misstated a minor detail in a later motion); *Tanner v. Nelson Tree Serv.*, No. 99 C 6154, 2001 U.S. Dist. LEXIS 10943, at *11 (N.D. Ill. Aug. 1, 2001) (holding that Rule 11 does not apply to legal inaccuracies without demonstration of incompetent inquiry or improper purpose).

undertaken an actual pre-suit investigation is not the point of Rule 11. SLG cannot escape its pre-suit obligations through post-suit luck. Nor can SLG escape the false allegations in this Complaint by pointing to allegations it could have made had it filed a different complaint than the one they filed. This Motion addresses the lack of pre-suit investigation which lead to the false claim made in this Complaint. SLG has not addressed that lack of pre-suit investigation, choosing instead to divert the Court's attention with reference to allegations it could have, but did not, make. [3]

After arguing about the supposed emotional distress Plaintiff could have pleaded but did not plead, Plaintiff's Opposition then takes a strange detour, engaging in a discussion about whether or not a disclosure to a third party is required to state a claim under § 1681i of the FCRA. (Opp. at 4.) While the Seventh Circuit (unlike the Eleventh Circuit cited by Plaintiff) has been unambiguous that a credit report (by definition issued to a third party) is required to state a claim under either §§ 1681e(b) or 1681i, the argument is peculiar here, because Experian did not make any arguments in its Motion about whether a third party disclosure is required. That argument will be teed up at summary judgment, if necessary after resolution of this Motion.

*Third*, SLG argues that Plaintiff pleaded an entitlement to statutory damages, a fact SLG claims Experian "ignores." SLG never explains how this matters or why this would provide SLG a waiver from having to conduct their federally mandated pre-suit investigation. Plaintiff

---

[3] Of course, "irritability" caused by having to initiate a dispute is quite plainly not sufficient to support a claim under the FCRA. *See Sarver v. Experian Info. Sols.*, 390 F.3d 969, 971 (7th Cir. 2004) (explaining that the Seventh Circuit maintains "a strict standard for a finding of emotional damage"). This again illustrates why the pre-suit investigation is so critical. Had the Complaint alleged that Plaintiff's actual damages manifested in the form of irritability related to sending in disputes, Experian would have moved to dismiss. All of the fees incurred since that point are a direct consequence of SLG's failure to conduct an adequate pre-suit investigation. And, of course, it is highly unlikely that Plaintiff would have secured any quick settlements had his complaint truthfully pleaded the state of supposed actual damages.

makes a claim under both § 1681n (for statutory damages available for willful violations of the FCRA), and § 1681o for actual damages. Experian's Motion targeted the demonstrably false allegations of actual damages that were propping up the § 1681o damage claims.[4] The fact that Plaintiff also includes a claim for statutory damages associated with a willful violation of the FCRA does not change the fact that his allegations relating to actual damages were made up and that SLG conducted no pre-suit investigation, let alone an adequate one.

### C.    A Deterrent is Required.

A deterrent is plainly needed here. During Plaintiff's deposition, SLG characterized the essential damage allegations as "boilerplate" "technicalities." Undoubtedly, that is why Experian sees the exact same frivolous allegations time and time again from SLG. The Opposition brief doubles down on SLG's "boilerplate" "technicalities" theme, describing key damage allegations as merely "classifications" that are unimportant "flavors" and arguing to this Court that SLG's utter failure to conduct an adequate pre-suit investigation is somehow justified because Plaintiff was irritated that he had to send a dispute letter to Experian. The importance of Rule 11's obligations have not resonated with SLG. Their brief provides no *mea culpa*, no promise to do better in the future, no explanation of how they possibly got something so fundamental to this case so fundamentally wrong. Rule 11 sanctions are designed to provide deterrence, and deterrence is clearly required here.

*       *       *       *

---

[4] Moreover, the notion that Plaintiff can support a claim under § 1681n without first making a showing of actual damages flies in the face of both the requirements of Constitutional standing, and the case law of the Seventh Circuit. Suffering actual damage is a *prima facie* requirement of all claims under §§ 1681e(b) and 1681i, not just those seeking an award of actual damages.

Experian suggests that the most effective and appropriate deterrent would be to dismiss this entire frivolous case. But should this Court not wish to dismiss the entire case, SLG themselves suggest what may be an appropriate sanction. In particular, SLG suggests that the Court might allow Plaintiff to "withdraw certain allegations." (Opp. at 6.) SLG also leans heavily on the claim for statutory damages under § 1681n. Experian suggests that an appropriately tailored sanction here could be to require a withdrawal of Plaintiff's uninvestigated claims for actual damages under § 1681o. That would leave Plaintiff to pursue his claim for a willful violation and for statutory damages under § 1681n. In addition, of course, SLG should be required to pay Experian's fees incurred related to this Motion, as those fees were incurred for no reason other than SLG's own dereliction of duty.

## **CONCLUSION**

For all of these reasons, Experian respectfully requests that this Court impose Rule 11 sanctions on Plaintiff and SLG.

Dated:        November 2, 2016                    Respectfully submitted,

*s/ Jason Z. Zhou*
Adam W. Wiers
Michael A. Zuckerman
Christopher A. Hall
Jason Z. Zhou
JONES DAY
77 West Wacker
Chicago, IL 60601.1692
Telephone:   +1.312.782.3939
Facsimile:    +1.312.782.8585
Emails: awwiers@jonesday.com
              mzuckerman@jonesday.com
              chall@jonesday.com
              jzhou@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

*/s/ Jason Z. Zhou*