IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH JACKSON, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC., OCWEN LOAN )<br>SERVICING, LLC, RESIDENTIAL )<br>CREDIT SOLUTIONS, INC., )<br>)<br>    Defendants. ) | Case No. 15 C 11140 |

### ORDER ON DEFENDANT EXPERIAN'S REQUEST FOR SANCTIONS

Kenneth Jackson, represented by the Sulaiman Law Group, filed suit against Experian Information Solutions, Inc., Ocwen Loan Servicing, LLC, and Residential Credit Solutions, Inc. (RCS), alleging violations of the Fair Credit Reporting Act (FCRA). The Court denied RCS's motion to dismiss, and Jackson later settled with Ocwen and RCS. The Court later granted summary judgment in favor of Experian. Along the way, the Court ruled that the Sulaiman firm and one of its lawyers violated Federal Rule of Civil Procedure 11(b) by making a false factual allegation contained in paragraph 43 of Jackson's complaint. Order of Nov. 13, 2017 (dkt. no. 80). The Court declined to dismiss the case as a sanction but otherwise deferred consideration and imposition of a sanction until after conclusion of the lawsuit. Experian has now moved for a ruling on the imposition of sanctions.

Jackson filed his complaint on December 10, 2015. He alleged in paragraph 43 that as a result of the defendants' FCRA violations, he suffered the loss of credit, as well as mental distress. As Jackson admitted during his deposition, the allegation about loss

of credit was untrue as of December 10, 2015. He was not denied credit until December 11 and December 13, 2015. When Experian called the false allegation to the attention of Jackson and counsel, Jackson offered to stipulate that the credit denials happened after he filed suit. Experian refused the stipulation, insisting on dismissal of the lawsuit, and it filed a motion for sanctions under Rule 11. The Court found in an order dated November 13, 2016 that Majdi Hijazin and the Sulaiman firm had violated Rule 11(b)(3) by making the allegation of pre-suit credit denial. The Court concluded that dismissal of the complaint was too severe a sanction in light of the offer to stipulate and the fact that the credit denial allegation was only part of the allegation of injury. Even without that allegation, the Court said, the case almost certainly would have survived a motion to dismiss.

The Court ultimately granted summary judgment for Experian because Jackson came up with no evidence that Experian's alleged FCRA violation had any connection with the denials of credit and his testimony about emotional distress did not meet the threshold required by the Seventh Circuit for recovery of actual damages in FCRA cases. The Court dismissed Jackson's claim for statutory damages, holding that those could not be awarded without actual harm or alternatively because Jackson had no evidence that Experian acted in reckless disregard of its FCRA obligations.

When, as in this case, a court finds that a lawyer violated Rule 11, it "enjoys broad discretion in setting a sanction award that it believes will serve the deterrent purpose of Rule 11." *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). Federal Rule of Civil Procedure 11(c)(4) states that "[a] sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable

conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). If a court "determines that an award of attorney's fees [is appropriate], it has an obligation to award only those fees which directly resulted from the sanctionable conduct." *Divane*, 319 F.3d at 314.

An award of the all the fees Experian incurred in defending the case—which is what Experian requests—or even the fees incurred in briefing the cross motions for summary judgment would far exceed the fees that directly resulted from the sanctionable conduct. Again, the Rule 11 violation the Court found involved just one aspect of the injury allegation in paragraph 43. As the Court previously concluded, the case would have survived a motion to dismiss even without that. And even if that allegation had been left out of the complaint when it was filed—which is what should have happened—Jackson's attorneys would not have acted inappropriately in adding it shortly thereafter, as they almost certainly would have done.

That said, the Court concludes that an additional sanction beyond the Court's earlier finding of a Rule 11 violation is needed to deter future comparable violations. The Sulaiman firm's argument that what is involved is nothing more than "an innocent mistake" suggests that it has not yet gotten the point. The problem is that it made an unequivocal factual allegation attributing a particular injury to Experian without, apparently, even asking Jackson what harm he had suffered (the law firm does not suggest that it was misled into making the allegation). That suggests the absence of reasonable pre-suit due diligence, which is not an "innocent mistake" but rather, as an auditor might put it, a failure of internal control. The fact that the firm is minimizing its violation in this way suggests that a sanction that stings a bit more is needed to deter future comparable violations.

3

The Court will require the Sulaiman firm to pay one-half of Experian's reasonable attorney's fees incurred in briefing the original Rule 11 motion and the present motion. The Court declines to require payment of the full amount of the fees incurred in briefing those matters. The violation found by the Court involved just one allegation in paragraph 43. Experian overreached earlier by insisting on dismissal and now by seeking recovery of all of its fees despite the narrow focus of the Court's Rule 11 finding. But this should affect only the amount that the Sulaiman firm should have to pay as a sanction, not whether it should have to pay a monetary sanction.

Experian argues that the Sulaiman firm has exhibited a pattern of filing boilerplate complaints against Experian with inadequate investigation, forcing the company to settle to save litigation costs or incur significant expense to investigate what it contends are frivolous claims. But Experian has offered no actual evidence of any other false allegation or frivolous filing by the Sulaiman firm. And Experian's settlement of no less than 25 of the other suits is equally suggestive that those cases had some potential merit—at least in the absence of contrary evidence, which Experian has made no attempt to provide. The Court also notes that it is undisputed that that the Sulaiman firm has filed over 800 federal cases in various districts and has never before been sanctioned. Though it is appropriate for a court to take a party's or an attorney's past misconduct in fashioning an appropriate sanction, *see Vollmer v. Publishers Clearing House*, 248 F.3d 698, 710 (7th Cir. 2001), a court may appropriately consider only adverse evidence that has been "stated with some specificity in the record," *id.*, and Experian has offered none.

The Court believes that its finding that the Sulaiman firm violated Rule 11—a

4

finding that will remain a matter of record—plus the monetary sanction that the Court is imposing will, together, serve as a sufficient deterrent against repetition of similar conduct in the future. A Rule 11 finding by a federal court is a serious matter, and because it is in the public record, it will be available for opposing parties to cite in future cases where relevant. The Court fully expects that if the firm commits a comparable violation in the future or fails to institute procedures sufficient to avoid comparable violations, it will face a much more severe sanction as a result of this Court's finding. Its awareness that this is so is a significant deterrent.

Experian is directed to submit a statement of its reasonable attorney's fees incurred in briefing the original Rule 11 motion and the current fee request by no later than June 15, 2017. This should include the dates and amounts of time expended along with reasonably specific descriptions of the services rendered, as well as support for the hourly rates paid by Experian. A response by the Sulaiman firm is to be filed by June 26, 2017. No reply will be permitted without a prior request showing good cause.

In addition, because Jackson has not objected to Experian's bill of costs, the Court taxes costs in favor of Experian and against Jackson in the full amount requested, $595.15.

Date: June 5, 2017

_____
MATTHEW F. KENNELLY
United States District Judge